IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELE OSTROWSKI,

            Plaintiff,

vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

            Defendant.

Civil Action No. 2:23-cv-346

**COMPLAINT**

AND NOW, comes the Plaintiff, MICHELE OSTROWSKI, by and through her attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Ms. Ostrowski (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Liberty Life Assurance Company of Boston. The Plan is governed by ERISA. Plaintiff is a beneficiary under the

Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Michele Ostrowski, resides at 1101 Fairfield Street, Pittsburgh, PA 15201, Allegheny County.

5. The Defendant, Liberty Life Assurance Company of Boston, is the Claims Administrator of Long Term Disability claims and is located at 175 Berkeley Street, Boston, MA 02116.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

- 3 -

## STATEMENT OF FACTS

7. The Plaintiff, Ms. Michele Ostrowski, last worked for Allegheny Health Network as an RN/Infection Preventionist on or about September 29, 2019, wherein she stopped working due to diagnoses, symptoms, and functional limitations of Spinal Stenosis; Degenerative Disc Disease; Chronic Back Pain; S/P L1-5 Laminectomy and Fusion 9/30/19; Facet Arthritis; Hypertension; Atrial Fibrillation; Upper Ext. Radiculopathy; Venous Insufficiency; Paresthesia Back and Buttocks; Anemia; Obesity; Obstructive Sleep Apnea; Neurogenic Claudication - Lumbar; Gout; S/P Cervical Fusion; S/P L Rotator Cuff Repair; Dyslipidemia; Vertigo; and Post-Laminectomy Syndrome.

8. By letter dated March 10, 2020, Defendant acknowledged Plaintiff's claim for Long Term Disability benefits.

9. By letter dated December 21, 2021, Defendant denied Plaintiff's claim for Long Term Disability benefits, denying benefits beyond March 27, 2022. Defendant paid Plaintiff's claim for Long Term Disability benefits through March 27, 2022.

10. Plaintiff, by and through her attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated June 9, 2022 and supplemented that appeal with additional evidence by letter dated June 29, 2022.

11. By letter dated August 9, 2022, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits beyond March 27, 2022. This letter states, "At this time, your client's administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your client's claim will remain closed."

12.     The Plaintiff has been was awarded Social Security Disability benefits in March 2020, with a disability onset date of September 27, 2019. The Plaintiff continues to receive Social Security Disability benefits in an uninterrupted fashion.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

13.     Paragraphs 1 through 12 are incorporated herein as if set forth at length.

14.     Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

15.     At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to diagnoses, symptoms, and functional limitations of Spinal Stenosis; Degenerative Disc Disease; Chronic Back Pain; S/P L1-5 Laminectomy and Fusion 9/30/19; Facet Arthritis; Hypertension; Atrial Fibrillation; Upper Ext. Radiculopathy; Venous Insufficiency; Paresthesia Back and Buttocks; Anemia; Obesity; Obstructive Sleep Apnea; Neurogenic Claudication - Lumbar; Gout; S/P Cervical Fusion; S/P L Rotator Cuff Repair; Dyslipidemia; Vertigo; and Post-Laminectomy Syndrome.

16.     The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

17.     The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

18.     The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1)     Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)     Awarding pre and post judgment interests;

(3)     Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bbronson@qrlegal.com

Dated:   March 2, 2023